Anna Miller, Appellant, *v.* Philip Cooper, Respondent.

Supreme Court, Appellate Term, First Department, June 30, 1932.

*Joseph Gans*, for the appellant.

*D. Benjamin Mason*, for the respondent.

PER CURIAM. As we construe the escrow agreement, in the light of the circumstances, defendant was required to hold the $1,000 pending the closing of title; if title was not closed because of any act or default on plaintiff's part, defendant would be warranted in paying the money to the vendor or for her benefit; but if the vendor was unable to convey in accordance with the stipulations of the contract, and plaintiff refused to close on that ground, defendant was required to return the amount to the plaintiff. In this view the trial judge erred in refusing to allow plaintiff to show the vendor's default in performance of her contract.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

LEVY and FRANKENTHALER, JJ., concur.

LYDON, J. (concurring in result). I agree that there must be a new trial but I am unable to agree with the view that the question of a good or bad title is in any way in issue. Defendant received plaintiff's money under an agreement by which he expressly agreed to hold the deposit in escrow pending the closing of title. It was shown that, in violation of that agreement, defendant disposed of the money prior to the date fixed for the closing of title. In so doing he became chargeable as for a conversion of the money. Whether the vendor or the vendee was at fault on the later day set for the closing would be important in an action between them. The question has no relevancy to the controversy here.